# United States Court of Appeals
# for the Federal Circuit

---

**EDWIN LYDA,**

*Plaintiff-Appellant*

**v.**

**CBS CORPORATION, CBS INTERACTIVE, INC.,**

*Defendants-Appellees*

---

2015-1923

---

Appeal from the United States District Court for the Southern District of New York in No. 1:14-cv-06572-VEC, Judge Valerie E. Caproni.

---

Decided: September 30, 2016

---

DAVID FINK, Fink & Johnson, Houston, TX, argued for plaintiff-appellant.

JASON C. WHITE, Morgan, Lewis & Bockius LLP, Chicago, IL, argued for defendants-appellees. Also represented by SCOTT D. SHERWIN; THOMAS M. PETERSON, San Francisco, CA; STEPHANIE GAMIZ, New York, NY.

---

Before REYNA, HUGHES, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge*.

Appellant Edwin Lyda appeals a decision of the United States District Court for the Southern District of New York dismissing his complaint of patent infringement under Federal Rule of Civil Procedure 12(b)(6). *Lyda v. CBS Corp.*, No. 14-CV-6572-VEC, 2015 WL 4393120 (S.D.N.Y. July 16, 2015). We hold that Form 18 does not apply to a claim of joint patent infringement. Because Mr. Lyda's Amended Complaint fails to state a claim for relief under the *Twombly/Iqbal* pleading standard, we affirm the dismissal under Rule 12(b)(6).

BACKGROUND

Mr. Lyda is the named inventor on United States Patent Nos. 7,434,243 and 7,730,506. According to the patents, audience members of game shows or reality programs often use input devices to electronically vote in response to cues during the shows. In particular, the '243 and '506 patents cover methods and systems for "obtaining real time responses to remote programming" by "allow[ing] persons viewing or listening to a broadcast to respond to the broadcast in real time without requiring a personal computer." '243 patent col. 1 ll. 14–15, 56–58; '506 patent col. 1 ll. 16–17, 57–59. The specifications describe that "the present invention provides a response device for each person who is listening to/viewing a program." '243 patent col. 1 ll. 62–64; '506 patent col. 1 ll. 63–65. This response device is "configured to allow the audience member to send response data." '506 patent col. 7 ll. 47–48. The specifications describe embodiments of the response device ranging from a key pad that is "limited to the choices available to the user presented by the key pad," to a full alpha-numeric key pad for "unlimited entry possibilities." *Id.* col. 5 ll. 62–67; '243 patent col. 5 ll. 53–58. The audience members input their vote along with an "identifier code" that identifies the person voting. The responses are sent over a "standard commu-

nication system," such as a telephone line or a two-way paging network. '243 patent col. 1 l. 66; '506 patent col. 1 l. 67. The responses are collected at a central location, correlated with the identifier code, and tallied. "If the programming is being presented live as the responses are sent in, the program presenter can incorporate the responses into the programming and modify the programming to meet the audience's needs." '506 patent col. 5 ll. 37–41; *see also* '243 patent col. 5 ll. 28–32.

The Amended Complaint asserts four independent claims: method claim 8 and system claim 9 of the '243 patent, and method claim 1 and system claim 7 of the '506 patent. Independent method claim 1 of the '506 patent is representative of the asserted claims and recites:

1. A method for receiving and processing responses to a program comprising:

providing a program identifier code for the program;

providing means for identifying an audience member[;]

providing a user input device not requiring a personal computer, the device configured to allow the audience member to send response data directly from the user input device over a standard communication system in response to the program received apart from the device, the device operating without receiving program data;

having the audience member input the program identifier code into the user input device;

having the audience member input responses to the program received apart from the device into the user input device;

transmitting response data comprising the program identifier code, the means for identifying an audience member, and the responses over the standard communication system;

collecting the response data at a central location;

correlating the program identifier code to the responses;

processing the response data.

'506 patent col. 7 ll. 42 – col. 8 l. 3.

Claim 9 of the '243 patent and claim 7 of the '506 patent, while identified as "system" claims in their preambles, recite the same method steps as claim 1. In effect then, the system claims should be treated as method claims. For example, claim 7 of the '506 patent recites:

7. A system for receiving and processing responses to a program comprising:

providing a program identifier code for the program being presented;

providing a user input device not requiring a personal computer, the device configured to allow an audience member to send response data directly from the user input device over a standard communication system in response to the program received apart from the device, the device operating without receiving program data;

having the audience member input the program identifier code into the user input device;

having the audience member input responses to the program received apart from the device into the user input device;

transmitting the program identifier code and the responses associated with a user identifier over the standard communication system;

collecting, correlating, and processing the program identifier and the responses;

routing the responses to a program presenter.

*Id.* col. 8 ll. 23–43.

Mr. Lyda sued Defendants CBS Corporation and its wholly owned subsidiary CBS Interactive, Inc. (collectively, "CBS") for infringement of the '243 and '506 patents for producing and operating the television show "Big Brother." After CBS notified Mr. Lyda of alleged deficiencies in the original complaint, Mr. Lyda filed the Amended Complaint at issue here. The Amended Complaint alleged that Defendants' operation of the television show Big Brother infringed Mr. Lyda's patents by allowing television audience members to influence aspects of the show by voting via text message on their cellular phones. The text messages allegedly used codes identifying the sender and the sender's vote selection.

The Amended Complaint asserts eight nearly identical counts of infringement based on the four asserted independent claims against each of the two defendants.[1] For each of the four claims, method and system claims alike, the Amended Complaint alleges "the participation of people under the control or direction of an independent contractor engaged by the Defendant CBS Interactive to send votes using text messages." Am. Compl. ¶¶ 17, 24, 31, 38.

---

[1] The two remaining counts, Count Five and Count Ten, allege willful infringement based on the infringement claims.

The Amended Complaint further alleges that CBS Interactive tested the system's capability to receive text message responses prior to using the system during live broadcasts. The Amended Complaint indicates that such testing was carried out by an independent contractor, "[a]pparently under the control of Defendant CBS Interactive." *Id.* ¶ 8. These independent contractors, themselves under the direction and control of CBS Interactive, allegedly directed and controlled unnamed third parties to test the voting operations using "well known cell phones" that they either owned or borrowed from some unidentified source. *Id.* ¶ 17. Mr. Lyda alleged that Defendant CBS Corporation infringed the asserted patents "by having Defendant CBS Interactive operate the show Big Brother and use an independent contractor in conjunction with testing the system under the control of Defendant CBS Interactive." *Id.* ¶¶ 18, 25, 32, 39. For example, in Count One, Mr. Lyda alleged the following:

> 16. BIG BROTHER tests . . . its electrical systems such as audience voting using cell phones to send . . . text messages along with the computer processing systems under the control of Defendant CBS Interactive for compiling votes as well [as] other electrical system functions anticipated for conducting a major show on television before a live audience.

> 17. The testing of text voting operations by Defendant CBS Interactive using cell phones sending text messages requires the participation of people under the control or direction of an independent contractor engaged by the Defendant CBS Interactive to send votes using text messages using well known cell phones either their own respective cell phones, or borrowed cell phones to test the electronic text voting system used by Defendant CBS Interactive for its show BIG BROTHER.

*Id.* ¶¶ 16, 17.

Defendants moved to dismiss the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). During an initial pre-trial conference, the district court judge informed Mr. Lyda that, pursuant to the judge's Individual Rules of Practice in Civil Cases, he could either amend the complaint a second time, or oppose the motion and forfeit his ability to further amend the complaint. Mr. Lyda elected to oppose the motion to dismiss.

In evaluating Defendants' motion to dismiss, the district court addressed the parties' dispute regarding the type of infringement involved and the applicable pleading standard. The court determined that while the Amended Complaint "certainly leaves room for doubt regarding Plaintiff's theory of liability," the allegations regarding an "independent contractor" acting under the direction or control of CBS Interactive implicated a theory of joint infringement. *Lyda*, 2015 WL 4393120, at \*3. While this court has not directly spoken on the issue of whether Form 18 applies to a claim of joint infringement, the district court noted that the general consensus among district courts was "that Form 18 does not apply to joint infringement claims." *Id.* The court determined, nonetheless, that Plaintiffs did not allege joint infringement and that "Plaintiff's allegations are simply too vague, even under the Form 18 standard, to articulate a claim for relief." *Id.*

The court determined that Mr. Lyda "fail[ed] to establish which of Defendants' alleged practices constitutes infringement, and he fail[ed] to demonstrate any connection between the alleged infringing activities and his patent claims." *Id.* According to the court, the Amended Complaint's bare allegations that CBS Interactive "operat[ed] the show" by "us[ing] an independent contractor in conjunction with testing the system," made it "simply

impossible to discern what actions, activities, services, or products are infringing Plaintiff's patents." *Id.* at *4. The district court thus concluded that the Amended Complaint's allegations were "simply too vague to conform even with the generous pleading standard set forth under Form 18." *Id.* Accordingly, the district court granted Defendants' motion to dismiss and denied Mr. Lyda an opportunity for further amendments because "leave to replead would be futile." *Id.* at *5.

Mr. Lyda appealed to this court, and we have jurisdiction under 28 U.S.C. §§ 1295(a)(1).

## DISCUSSION

We apply the law of the regional circuit, here the Second Circuit, in reviewing motions to dismiss. *See OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir.), *cert. denied*, 136 S. Ct. 701 (2015). According to the Second Circuit, "[t]o survive a motion to dismiss Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## I.

For claims of direct patent infringement, this court has determined that the pleading requirements of Form

18 suffice to survive a motion to dismiss.[2] *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). Form 18, in the Appendix to the Federal Rules of Civil Procedure, is titled "Complaint for Patent Infringement" and provides a sample allegation of direct infringement. We have stated that when used properly, Form 18 "effectively immunizes a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (internal citation omitted).

Form 18 has the following minimal requirements:

(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying

---

[2] The Appendix of Forms, including Form 18, and Federal Rule of Civil Procedure 84, which provides that the forms "suffice under these rules," were both eliminated from the Federal Rules of Civil Procedure following changes that took effect on December 1, 2015. When adopting these changes, the Supreme Court stated that the rule change "shall govern in all proceedings in civil cases thereafter commenced [after December 1, 2015] and, insofar as just and practicable, all proceedings then pending." Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (U.S. Apr. 29, 2015), https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. Defendants argue that because Form 18 has been abrogated, it does not apply to this case. But the Amended Complaint was filed in 2014, and the case was terminated when the complaint was dismissed in July 2015. Accordingly, we determine that the repeal of Form 18 does not apply to this case.

the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*In re Bill of Lading*, 681 F.3d at 1334.

As we explained in *In re Bill of Lading*, Federal Rule of Civil Procedure 84 provides that "the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." *Id.* (quoting Fed. R. Civ. P. 84). Rule 84 and its accompanying Advisory Committee Notes indicate that the forms satisfy the rules as to the sufficiency of pleading direct infringement. *Id.* Therefore, whether a complaint adequately pleads direct infringement is "to be measured by the specificity required by Form 18." *Id.* Moreover, "to the extent any conflict exists between *Twombly* (and its progeny) and the Forms regarding pleadings requirements, the Forms control." *K-Tech*, 714 F.3d at 1283.

We have also held that allegations of induced or contributory infringement, which have additional elements not found in direct infringement claims, are not governed by Form 18. *In re Bill of Lading*, 681 F.3d at 1336; *Superior Indus., LLC v. Thor Glob. Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) ("Form 18 does not determine the sufficiency of pleading for claims of indirect infringement."). "Rather, the pleading requirements set forth in [*Twombly* and *Iqbal*] apply" to claims of induced and contributory infringement. *Superior*, 700 F.3d at 1295. We have not, however, expressly considered whether claims of joint infringement should be measured by the sparse requirements of Form 18.

"Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc). While a typical claim of direct infringement requires proof that a defendant performs each step of the

claimed method, joint infringement requires more. To prove joint infringement, where multiple actors are involved in practicing the claim steps, the patent owner must show that the acts of one party are attributable to the other such that a single entity is responsible for the infringement. This court has held that an entity will be responsible for others' performance of method steps in two circumstances: "(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.* Therefore, like claims of induced or contributory infringement, allegations of joint infringement require elements beyond those for the more typical act of direct infringement to which Form 18 is directed.

We agree with the district courts that have addressed this issue and concluded that the pleading requirements for joint infringement are not satisfied by Form 18. *See, e.g., Nu Flow Techs. (2000) Inc. v. A.O. Reed & Co.*, No. 13-CV-1818 BEN JMA, 2014 WL 1400127, at *2 (S.D. Cal. Apr. 8, 2014). Because joint infringement requires additional elements not addressed by Form 18, we hold that allegations of joint infringement must be measured by the *Iqbal* and *Twombly* standard without reference to Form 18. *Id.* ("Form 18 also does not address joint infringement. To be consistent with the requirement that allegations of indirect infringement meet the pleading standard of *Twombly* and *Iqbal*, courts have required allegations of joint infringement to meet the same pleading standard."). A claim of joint infringement thus requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite "direction or control" over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party. *See Akamai*, 797 F.3d at 1022.

II.

A.

Mr. Lyda's complaint does not explicitly indicate whether CBS infringes the asserted patents under a single or joint theory of direct infringement. The Amended Complaint, however, alleges that "Defendant CBS, as owner of the Defendant CBS Interactive, controls the operations of the Defendant CBS Interactive," Am. Compl. ¶ 13, and therefore that the purported steps taken by CBS Interactive are attributed to CBS. The Amended Complaint further alleges infringement by "the participation of people under the control or direction of an independent contractor" hired by CBS Interactive and "the computer processing systems under the control of Defendant CBS Interactive." *See, e.g., id.* ¶¶ 16–18. It also alleges that the independent contractors direct or control unnamed people to use their own or borrowed cell phones to vote. *Id.* ¶ 17. These allegations implicate joint infringement, which Mr. Lyda's counsel acknowledged during oral argument when he agreed that the Amended Complaint asserts a joint infringement theory of direct infringement. *See* Oral Argument at 4:15–4:22, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2015-1923.mp3.

Our cases have applied joint infringement to method claims and not system claims. *See Centillion Data Sys. LLC v. Qwest Commc'ns Int'l Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011) (analyzing system claims under a different framework: "to 'use' a system for purposes of infringement, a party must put the invention into service, i.e., control the system as a whole and obtain benefit from it"). As we discussed above, the purported system claims asserted in this case are, in fact, method claims because the body of the claims require the performance of particular method steps. Moreover, the Amended Complaint pleads the system claims like the method claims, alleging

direction or control over the independent contractors, who in turn direct or control the unnamed third parties.[3] Therefore, we conclude that each count of the Amended Complaint implicates joint infringement.[4]

## B.

We note that Mr. Lyda does not attempt to argue that the Amended Complaint satisfies the *Twombly/Iqbal* pleading standard outside of relying on Form 18. Because we hold that Form 18 does not apply to claims of joint infringement, and because Mr. Lyda has not plausibly pled a claim of joint infringement in satisfaction of the *Iqbal/Twombly* pleading standard, we affirm the district court's dismissal under Rule 12(b)(6).

The Amended Complaint relies on a direction or control theory of joint infringement and does not plead that

---

[3]    We recognize that claims reciting both a system and the method steps of using the system are indefinite under 35 U.S.C. § 112, second paragraph. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005) ("Because [the claim] recites both a system and the method for using that system, it does not apprise a person of ordinary skill in the art of its scope, and it is invalid under section 112, paragraph 2."). As noted above, the "system" claims here recite method steps, and the Amended Complaint pleads the system claims like method claims. Therefore, we, like the district court, treat them as method claims for this 12(b)(6) analysis.

[4]    We do not address the situation where claim construction may be necessary to resolve the question of whether the claim terms require joint infringement. Here, each count of the Amended Complaint unequivocally alleges the participation of multiple parties, and Mr. Lyda's counsel acknowledged as much during oral argument.

Defendants are in a joint enterprise with the independent contractors. To survive a motion brought under Rule 12(b)(6), the Amended Complaint must plausibly allege that Defendants exercise the requisite "direction or control" over the performance of the claim steps, such that performance of every step is attributable to Defendants. *See Akamai*, 797 F.3d at 1022. The Amended Complaint alleges that CBS Interactive controls certain independent contractors who in turn direct and control the "participation" of unnamed third persons to send votes on either their own or borrowed cell phones. Mr. Lyda does not set forth any factual allegations in support of his assertion that CBS Interactive directed or controlled the independent contractors. Nor does the Amended Complaint contain factual allegations relating to how the independent contractors directed or controlled the unnamed third parties. Most importantly, the Amended Complaint does not allege any relationship between the Defendants and the unnamed third parties, who own or borrow cell phones, in a way that the actions of these unnamed third parties should be attributed to Defendants. Rather, the Amended Complaint alleges conclusively and without factual support that CBS directed or controlled the independent contractors who then directed or controlled the unnamed third parties. There are thus no allegations in the Amended Complaint that can form the basis of a reasonable inference that each claim step was performed by or should be attributed to Defendants. The Amended Complaint fails to plausibly plead sufficient facts to ground a joint infringement claim under this court's *Akamai* decision and does not satisfy the *Iqbal/Twombly* pleading standard. *See Akamai*, 797 F.3d at 1022. Accordingly, we agree with the district court that dismissal of the Amended Complaint was proper.

## III.

The district court did not abuse its discretion in denying Mr. Lyda further leave to amend the complaint.

Mr. Lyda amended the complaint once, and declined the opportunity to amend the complaint a second time, deciding instead to oppose Defendants' motion to dismiss. The district court's rules of practice freely allow a plaintiff to amend its complaint in the face of a motion to dismiss, but curtails leave to amend where the plaintiff declines to do so until after the court finds the pleadings insufficient. *E.g.,* Honorable Valerie E. Caproni, *Individual Rules of Practice in Civil Cases* § 3.E.i (2015). We see no reason to disturb the district court's application of its own internal rules, which fall within its broad power to control its docket. *See Keranos, LLC v. Silicon Storage Tech., Inc.,* 797 F.3d 1025, 1035 (Fed. Cir. 2015). As such, we cannot say that the court abused its discretion in denying Mr. Lyda leave to amend his complaint.

CONCLUSION

Because we hold that Form 18 does not apply to claims of joint infringement, and because the Amended Complaint does not satisfy the *Iqbal/Twombly* pleading standard, we affirm the district court's dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Moreover, the district court did not abuse its discretion in denying Mr. Lyda leave to amend his complaint a second time.

**AFFIRMED**

COSTS

Costs to Appellees.