NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EKO BRANDS, LLC, | No. 20-35369 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-00894-TSZ |
| v. | |
| ADRIAN RIVERA MAYNEZ ENTERPRISES, INC.; ADRIAN RIVERA, | MEMORANDUM* |
| Defendants-Appellants. | |

| | |
|---|---|
| EKO BRANDS, LLC, | No. 20-35556 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00894-TSZ |
| v. | |
| ADRIAN RIVERA MAYNEZ ENTERPRISES, INC.; ADRIAN RIVERA, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted August 4, 2021
Anchorage, Alaska

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WARDLAW, MILLER, and BADE, Circuit Judges.

Adrian Rivera Maynez Enterprises, Inc., and Adrian Rivera (collectively, ARM) appeal the district court's judgment in favor of Eko Brands, LLC (Eko) and award of disgorgement of ARM's profits in this Lanham Act case. On cross-appeal, Eko appeals the district court's limits on the disgorgement award and denial of Eko's motion for attorney's fees. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.      The district court did not err in denying ARM's motion to dismiss based on claim splitting or claim preclusion because the two cases do not arise from the "same transactional nucleus of facts." *United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011). The series of events that gave rise to the unfair competition case—ARM's development of the ECO-FILL mark and distribution of brewing cartridges under that mark—took place years before ARM and Eko were issued the patents that formed the basis of the patent infringement case. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1294–95 (Fed. Cir. 2012); *see also Media Rights Techs. Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1029–30 (9th Cir. 2019). Furthermore, the "rights or interests established" in the patent suit were not at risk of being "destroyed or impaired by" the unfair competition case, and the two cases did not involve

---

[1] ARM's motion to take judicial notice (ECF #17) is granted.

substantially the same evidence or infringement of the same rights. *Media Rights*, 922 F.3d at 1026.

2.     Nor did the district court err in finding that the EKOBREW trademark was protected.  Contrary to ARM's argument, the district court properly applied the imagination test when it concluded that the mark is suggestive because "a 'mental leap' is required to understand that the device referenced by the EKOBREW [m]arks is a reusable filter or cartridge for a single-serving beverage brewing machine."  Although a mark need not describe the "essential nature" of the product, just "some aspect" of it, to be descriptive, *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1116 (9th Cir. 2010), "a small exercise of imagination" is all that is required to move a mark from descriptive to suggestive, *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190, 1211 (9th Cir. 2012).  The district court adhered to this legal standard, and its conclusion that EKOBREW's mark is suggestive was not clearly erroneous.  *See Lahoti v. Vericheck, Inc.*, 586 F.3d 1190, 1198 (9th Cir. 2009).  The "line between descriptive and suggestive marks is elusive," *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1163 (9th Cir. 2021), and the question here is close, but we are not left with a "definite and firm conviction that a mistake has been committed," *Easley v. Cromartie*, 532 U.S. 234, 243 (2001).

Even if we were to conclude that the EKOBREW mark is descriptive, rather than suggestive, it would still enjoy protection. The district court did not err in finding that the EKOBREW mark attained secondary meaning prior to the alleged infringement. *See Converse, Inc. v. Int'l Trade Comm'n Skechers U.S.A., Inc.*, 909 F.3d 1110, 1116 (Fed. Cir. 2018). The district court correctly asked whether the public had come to "associate the mark with" Eko. *See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1998). Consumer survey evidence is not required, and here the district court properly considered other evidence indicative of secondary meaning, such as Eko's advertising practices, financial success, industry recognition, and the exclusivity of its use of the mark for refillable coffee cartridges. *See Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999); *Clamp Mfg. Co., Inc. v. Enco Mfg. Co., Inc.*, 870 F.2d 512, 517 (9th Cir. 1989). Based on this evidence, the district court's finding that the mark had gained secondary meaning was not clearly erroneous.

3.  The district court correctly concluded that ARM's laches defense was barred by its willful infringement. The district court was not required to credit the testimony of ARM's vice-president and president as to the genesis of the design choice for ECO-FILL, and in light of the evidence that ARM carefully watched its competitors, selected a logo and colors that resembled EKOBREW's logo, and

4

rushed to file its trademark application for ECO-FILL, the factual finding that ARM willfully infringed on Eko's trademark was not clearly erroneous. *See, e.g.*, *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). Having found that ARM willfully infringed, the district court did not abuse its discretion in holding that ARM's laches defense was barred. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 956 (9th Cir. 2001); *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 841–42 (9th Cir. 2002).

4.      The district court did not abuse its discretion by ordering disgorgement of ARM's profits. The Lanham Act affords district courts equitable discretion to award monetary relief in trademark infringement cases. *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1110 (9th Cir. 2012). The Supreme Court's recent decision in *Romag Fasteners, Inc. v. Fossil, Inc.*, 140 S. Ct. 1492, 1495–97 (2020), precludes district courts from *requiring* a finding of willfulness before awarding disgorgement of profits but is silent as to whether such a finding is sufficient to allow disgorgement. *See generally id.* Because nothing in our case law prevents a district court from ordering disgorgement of profits based on a finding of willfulness, the district court did not abuse its "broad" equitable powers by ordering disgorgement of profits based primarily on ARM's willfulness. *See Consumer Fin. Prot. Bureau v. Gordon*, 819 F.3d 1179, 1195 (9th Cir. 2016).

5. The district court did not abuse its discretion in calculating the profits it awarded to Eko. First, it did not abuse its discretion in excluding from disgorgement the profits on the products that were also at issue in the prior patent suit. The district court permissibly structured its award to avoid double recovery, taking into account Eko's assertion at the patent trial that "various product features, including the labeling, were not divisible." *See Teutscher v. Woodson*, 835 F.3d 936, 954 (9th Cir. 2016).

Second, the district court did not abuse its discretion in declining to award profits from the ECO CARAFE product. Contrary to Eko's assertion, the district court did not base its decision solely on the lack of a competing product but also considered "the relative weakness of plaintiff's EKO BREW mark" and the "minimal similarity" of the ECO CARAFE mark. Its conclusion that the ECO CARAFE profits were "attributable to a factor other than unfair competition" was not clearly erroneous, and its decision not to order disgorgement of those profits was well within its "broad" discretion. *Gordon*, 819 F.3d at 1195.

6. The district court did not abuse its discretion in concluding that this was not an "exceptional case" meriting an award of attorney's fees under the Lanham Act. 15 U.S.C. § 1117(a); *see Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 825 (9th Cir. 1997). It carefully considered the factors discussed in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545,

6

554 (2014), and *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016), and permissibly concluded that despite ARM's willful infringement, the "totality of the circumstances" did not merit an award of attorney's fees, *see SunEarth*, 839 F.3d at 1180–81.

**AFFIRMED.**