NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**CHIKEZIE OTTAH,**
*Plaintiff-Appellant*

**v.**

**BRACEWELL LLP,**
*Defendant-Appellee*

_____

2022-1876

_____

Appeal from the United States District Court for the Southern District of New York in No. 1:21-cv-00455-KPF, Judge Katherine Polk Failla.

_____

Decided: November 8, 2022

_____

CHIKEZIE OTTAH, Elmont, NY, pro se.

DAVID JOHN BALL, Bracewell LLP, New York, NY, for defendant-appellee.

_____

Before MOORE, *Chief Judge*, LOURIE and PROST, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Chikezie Ottah appeals from a decision of the United States District Court for the Southern District of New York granting Bracewell LLP's ("Bracewell's") motion to dismiss for failure to state a claim of patent infringement and dismissing Ottah's complaint with prejudice. Bracewell is a law firm representing an entity asserted to have been involved in infringing activity. *See Ottah v. Bracewell LLP*, No. 21 Civ. 455, 2021 WL 5910065 (S.D.N.Y. Dec. 10, 2021) ("*Decision*"). We *affirm*.

## BACKGROUND

Ottah owns U.S. Patent 7,152,840 ("the '840 patent"), which is directed to a "book holder removably attachable to a vehicle or structure such as a stroller, walker, wheelchair or car seat for mobile applications." '840 patent, abstract; S.A. 94.[1] Claim 1 of the '840 patent reads as follows:

1. A book holder for removeable attachment, the book holder comprising:

   a book support platform, the book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted for supporting a book, the plurality of clamps disposed on the front surface to engage and retain the book to the book support platform, the rear surface separated from the front surface;

   a clasp comprising a clip head, a clip body and a pair of resilient clip arms, the clip arms adjustably mounted on the clip head, the clip head attached to the clip body; and

   an arm comprising a first end and a second end and a telescoping arrangement, the clasp on the first end, the second end pivotally attached to the book

---

[1]    "S.A." refers to the Supplemental Appendix filed with Bracewell's brief.

> support platform, the telescoping arrangement interconnecting the first end to[] the second end, the clasp spaced from the book support platform wherein the book holder is removably attached and adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

'840 patent col. 6 ll. 14–38.

In March 2014, Ottah sent a letter to the New York Metropolitan Transit Authority ("MTA") alleging that a camera mounting system he had observed on MTA buses and other vehicles infringed the '840 patent. S.A. 37. In August 2014, a Bracewell partner sent a letter to Ottah on behalf of Bracewell's client, UTC Building & Industrial Systems ("UTC"), the entity responsible for supplying to MTA the mobile camera mounting systems that Ottah had identified in his letter. S.A. 84–86. In the August 2014 letter, Bracewell refuted Ottah's claims that UTC or MTA should have acquired a license to the '840 patent for the camera systems and highlighted that at least two federal courts had already found that the '840 patent did not cover "a camera mounting system [that] is fixed in place and cannot be removed without tools." *Id.*; *See Decision*, 2021 WL 5910065, at *2 (compiling unsuccessful lawsuits brought by Ottah relating to alleged infringement of the '840 patent).

On January 15, 2021, Ottah sued Bracewell in the District Court for the Southern District of New York, alleging infringement of the '840 patent. Bracewell filed a motion to dismiss on July 23, 2021. The court granted the motion, dismissing Ottah's infringement claims with prejudice. Specifically, the court held that the plain terms of the '840 patent contradicted Ottah's proffered construction of the claim language, and that similar arguments had been

unequivocally rejected by multiple courts that had already adjudicated the scope of the '840 patent. *Decision*, 2021 WL 5910065, at *7.

The district court separately dismissed Ottah's claim for induced patent infringement under 35 U.S.C. § 271(b), that claim being based on Bracewell's failure to acquire a license to the '840 patent for its then-client UTC. In its explanation, the court held that Ottah had failed to state a claim for direct infringement, which necessarily foreclosed an inducement claim. The court further held that Bracewell could not be held liable for legal advice that it rendered to UTC, absent allegations of misconduct that were not present in the complaint. *Id.* at *10. The court dismissed the action with prejudice after determining that any amendment to the complaint, although not requested by Ottah, would be futile. *Id.* at *11.

Ottah appeals the district court's grant of Bracewell's motion to dismiss. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a grant or denial of a motion to dismiss by applying the law of the regional circuit. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 (Fed. Cir. 2016). In the Second Circuit, "[t]o survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" to satisfy the plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For a pro se litigant, the pleadings must be "construe[d] . . . broadly, and interpret[ed] . . . 'to raise the strongest arguments that they suggest.'" *Cruz v. Gomez*,

202 F.3d 593, 597 (2d Cir. 2000) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). But a pro se litigant's factual allegations must still "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

To prove direct infringement, "one or more claims of the patent [must] read on the accused device literally or under the doctrine of equivalents." *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2005). A finding of literal patent infringement "requires that each and every limitation set forth in a claim appear in an accused product." *V-Formation, Inc. v. Benetton Grp. SpA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005). But, under the doctrine of equivalents, "a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *DePuy Spine, Inc. v. Medtronic Sofamore Danek, Inc.*, 469 F.3d 1005, 1016 (Fed. Cir. 2006) (citing *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)).

Under 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." But finding liability for induced infringement requires a predicate finding of direct patent infringement. *See Vanda Pharms Inc. v. W.-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1129 (Fed. Cir. 2018).

On appeal, it appears that Ottah argues that Bracewell is liable for direct and induced patent infringement under 35 U.S.C. § 271.

As a threshold matter, Bracewell contends that Ottah's allegations do not satisfy the *Twombly* plausibility standard and that Ottah's complaint contains no plausible allegations that Bracewell, a law firm, infringed the '840 patent. Even interpreting Ottah's pleadings "broadly. . . to

raise the strongest arguments that they suggest," *Cruz*, 202 F.3d at 597, we agree with Bracewell, but address the direct and induced infringement arguments by a pro se appellant anyway.

Regarding Ottah's apparent assertion of direct infringement of the '840 patent, Bracewell responds that the district court correctly held that the plain language of the claims does not literally cover the MTA device identified by Ottah. Bracewell contends that the '840 patent's single claim describes a "book holder for removeable attachment" that includes "a book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted for supporting a book." '840 patent, col. 6 ll. 14–18. Bracewell correctly highlights that the allegedly infringing device is a camera mounting system which is necessarily not the book holder described in the claim. We agree with Bracewell.

The single claim in the '840 patent is clearly directed to "a book holder," which, by its plain language, does not cover a camera mounting system, such as the allegedly infringing system used by MTA, or a "holder" that can hold any object other than a book. Claim 1 of the '840 patent clearly states that the book holder is for "removeable attachment," '840 patent, col. 6 l. 14, and the removable nature of the book holder was emphasized by Ottah during prosecution in response to a prior art rejection. *See Ottah v. VeriFone Sys., Inc.*, 524 F. App'x 627 (Fed. Cir. 2013). In contrast, the district court found, and Bracewell asserts, that the allegedly infringing camera mounting system is fixed and cannot be easily attached or removed. Thus, the allegedly infringing system is neither (1) a book holder nor (2) secured by "removeable attachment," and so "each and every limitation set forth in the claim" does not appear in the accused product. *V-Formation*, 401 F.3d at 1312. The claim of literal infringement must fail. We accordingly affirm the court's holding that Ottah's claim of literal patent infringement fails as a matter of law.

Bracewell further asserts that Ottah's apparent claim of direct patent infringement also fails under the doctrine of equivalents. Again, we agree with Bracewell.

The doctrine of equivalents is limited by prosecution history estoppel, under which a patentee cannot reclaim through the doctrine of equivalents that which was surrendered or disclaimed in order to obtain the patent. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 734 (2002); *Loral Fairchild Corp. v. Sony Corp.*, 181 F.3d 1313, 1322 (Fed. Cir. 1999).

As noted by Bracewell, we have explained in a related case brought by Ottah, that, in response to a prior art rejection during prosecution of the '840 patent, Ottah emphasized that the patentability of the single claim in the '840 patent was based on the removable nature of the book holder. *Ottah*, 524 F. App'x at 627. Ottah is estopped, now as he was then, from broadening the scope of claim 1 to cover fixed mounts for any device, including the allegedly infringing camera mount systems, because he expressly disclaimed this feature during prosecution. Accordingly, we affirm the district court's holding that, even under the doctrine of equivalents, Ottah's direct infringement claim fails.

Regarding Ottah's apparent argument of induced infringement, Bracewell responds that the district court was correct in holding that Bracewell, a law firm, cannot be held liable for induced patent infringement based on legal advice that it rendered to its then-client UTC absent a showing of "either malicious intent or personal interest." *Ray Legal Consulting Grp. v. DiJoseph*, No. 13 Civ. 6867, 2016 WL 1451547, at *8 (S.D.N.Y. Apr. 12, 2016). We agree with Bracewell.

Here, we have affirmed the district court's grant of Bracewell's motion to dismiss for failure to state a claim of direct infringement of the '840 patent either literally or under the doctrine of equivalents. Without a "predicate

finding" of direct infringement, there can be no finding of induced infringement, and so Ottah's induced infringement claim likewise fails.  Finally, we affirm the district court's finding that Ottah's complaint contains no allegations of malicious intent or personal interest by Bracewell that would constitute a plausible allegation of any wrongful conduct by Bracewell, and that any attempt by Ottah to amend the complaint would be futile.

## CONCLUSION

We have considered Ottah's remaining arguments but find them unpersuasive.  For the forgoing reasons, we *affirm* the district court.

## **AFFIRMED**

### COSTS

No costs.