# United States Court of Appeals
## For the First Circuit

No. 16-1466

DALE DORAN, individually and on behalf of all persons similarly situated,

Plaintiff, Appellant,

MICHAEL J. COAKLEY, individually and on behalf of all persons similarly situated; MARK MORIARITY, individually and on behalf of all persons similarly situated,

Plaintiffs,

v.

J. P. NOONAN TRANSPORTATION, INC.; CLANCY TRANSPORTATION, INC.; J. PETER NOONAN, SR.; J. PETER NOONAN, JR.; CHRISTOPHER NOONAN; PAUL NOONAN,

Defendants, Appellees.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

_____

Before

Lynch, Baldock,* and Kayatta,
Circuit Judges.

_____

David A. Cohen, with whom The Basil Law Group, P.C., John A. Kiernan, Michael D. Chefitz, and Bonner, Kiernan, Trebach & Crociata, LLP were on brief, for appellant.
Geoffrey P. Wermuth, with whom Kathryn M. Murphy and Murphy,

_____

* Of the Tenth Circuit, sitting by designation.

Hesse, Toomey & Lehane, LLP were on brief, for appellees.

———————————

April 5, 2017

———————————

**KAYATTA, Circuit Judge.** The district court in this case entered an interlocutory order dismissing most but not all of plaintiffs' claims. At plaintiffs' urging, the district court then remanded the case to the state court from which it was removed. One of the plaintiffs thereafter filed a notice appealing the remand order, followed by a brief devoted to challenging the interlocutory order that dismissed most of his claims. For the following reasons, our rules and precedent require that we deem plaintiff's right to embark on this appellate foray waived.

## I.

We recite the facts of this case briefly, drawing primarily from the undisputed facts contained in the record and plaintiff's opening brief.

Plaintiff Dale Doran is a professional truck driver who was previously employed by defendant J. P. Noonan Transportation, Inc. ("JPN").[1] JPN is a Massachusetts-based corporation and federally authorized motor carrier that transports petroleum products such as gasoline, diesel fuel, and home heating oil throughout the northeastern United States. During his at-will

---

[1] The record reflects a dispute as to whether Doran's employer is JPN or codefendant Clancy Transportation, Inc. Nevertheless, because plaintiff's brief states that he was employed by JPN, and because defendants state in their brief that "[f]or purposes of this appeal, [they] are satisfied with the Plaintiff's Statement of the Case/Factual Background," we describe JPN as Doran's employer.

employment for JPN, Doran worked out of JPN's terminal in Hooksett, New Hampshire. Doran typically drove fourteen hours per day without taking any paid breaks. Doran claims that under the terms of an oral contract with JPN, he was to be paid 30% of the "gross revenue" earned by the truck each day. From 2009 to 2014, JPN charged a "fuel surcharge" to many of its customers to account for "rapidly fluctuating changes" in the cost of the fuel used by the delivery trucks. Doran delivered loads for JPN for which JPN charged the fuel surcharge. He did not receive any portion of these surcharges.

## II.

On June 19, 2015, Doran and two other named plaintiffs filed a putative class action suit against defendants in Massachusetts Superior Court, raising a variety of statutory and common law claims. Defendants successfully sought removal of the suit to the United States District Court for the District of Massachusetts pursuant to the removal provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453.

On February 26, 2016, the district court granted without written explanation defendants' motion for summary judgment as to all of plaintiffs' statutory claims and all but one of plaintiffs' common law claims. Shortly thereafter, the district court issued an order in which it determined that "the jurisdictional amount is measured as of the time of removal, and that '[e]vents subsequent

- 4 -

to removal that reduce the amount in controversy do not divest a federal court of CAFA jurisdiction.'" Accordingly, the court concluded that it continued to retain "original jurisdiction over this action" even though its grant of partial summary judgment reduced the amount in controversy below $5,000,000. The court went on to conduct a trial on Doran's remaining common law claim, which resulted in a jury verdict for JPN.

On March 24, 2016, the district court held a status conference. Noting that it had a "jurisdictional" question, the court stated that it "had little trouble with how the Court's jurisdiction under the Class Action Fairness Act played out against the original scope of [plaintiffs'] complaint because it's a putative class action and [plaintiffs] had all those [statutory] claims . . . for which [they] could get attorneys fees and the like." The court then observed that "most of [plaintiffs' claims] went by the boards," but that plaintiffs "have a right to appeal."

The court proceeded to reiterate that it had "no doubt" not only that it "had jurisdiction over the complaint as originally crafted," but also that it "had supplementary jurisdiction to take the next step and indeed [it] ha[s] supplementary jurisdiction to follow this thing through to conclusion." However, the court expressed concern insofar as the court was "going to have to have a run-up to a trial" and it was "not so sure [it] ha[s] jurisdiction" to do so.

After confirming that the case originated in Massachusetts Superior Court, the court suggested that "maybe [it] should send [the case] back." In response, counsel for Doran and the other plaintiffs announced that they "agree[d]" with the court's suggestion of a remand, because "even though the Court had original jurisdiction at the time the case was removed," the court's summary judgment ruling divested it of "original jurisdiction." Defendants' counsel disputed that the court had lost jurisdiction, but nevertheless concluded that, because plaintiffs had not moved for class certification, he was "not sure there's anything [he] could say that matters at this point frankly."

Acknowledging that "there [wa]s no motion for class certification before the Court," the district court announced that it would remand the case to state court, as plaintiffs said it should. An Order of Remand issued on March 29, 2016. Twenty-nine days later, Doran filed a Notice of Appeal in which he stated the following: "Notice is hereby given that Dale Doran . . . hereby appeals to the United States Court of Appeals for the First Circuit from an Order of Remand entered in this action on March 29, 2016."

**III.**

Doran asks us to review the summary judgment order issued by the district court before it remanded the remaining claims to state court. His notice of appeal, however, does not mention or

even hint at any attempt to appeal that order. The Federal Rules of Appellate Procedure state that a notice of appeal "must . . . designate the judgment, order or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). The case law, in turn, states that we have no basis to reverse an order not so designated. See, e.g., Santos-Santos v. Torres-Centeno, 842 F.3d 163, 169 (1st Cir. 2016).

Doran's briefs on appeal describe the order of remand designated in his notice as a "final judgment." Although Doran does not say so, we might infer from this description the beginning of an effort to invoke this circuit's practice of reading a notice of appeal from the "final judgment" as effectively designating all interlocutory rulings that "merge in the judgment." United States ex rel. Booker v. Pfizer, Inc., 847 F.3d 52, 55 (1st Cir. 2017) (quoting John's Insulation, Inc. v. L. Addison & Assocs., Inc., 156 F.3d 101, 105 (1st Cir. 1998)). But, if the order of remand is a final judgment, then it is a final judgment to which Doran affirmatively acquiesced.

Though we provide litigants an escape hatch from judgments to which they consent, it is a narrow one: if a party consents to a final judgment in order to appeal prior orders leading up to that judgment, the party may appeal those orders so long as it reserves the right to do so. Robb Evans & Assocs., LLC v. United States, Nos. 15-2540, 15-2552, 2017 WL 836055, at *3 (1st Cir. March 3, 2017) (quoting BIW Deceived v. Local S6, Indus.

- 7 -

<u>Union of Marine & Shipbuilding Workers</u>, 132 F.3d 824, 828 (1st Cir. 1997)).  And while an "unequivocal" statement of an intent to appeal may serve as sufficient evidence of such a reservation, <u>see</u> <u>BIW Deceived</u>, 132 F.3d at 828, Doran never voiced any such intention, apparently because--as counsel explained at oral argument before this court--the decision to appeal had not yet been made when remand was sought.

The foregoing exhausts our survey of the possible indulgences that a panel of judges might arguably grant under current law on this record.  Even if we were to treat the remand order as the equivalent of a "final judgment," then it would be a judgment to which Doran consented without clearly reserving the right to appeal any ruling that may have merged into that judgment.

**IV.**

We <u>dismiss</u> the appeal, without affirming or reversing the district court's summary judgment ruling.