# United States Court of Appeals for the Federal Circuit

---

**LIFETIME INDUSTRIES, INC.,**
*Plaintiff-Appellant*

**v.**

**TRIM-LOK, INC.,**
*Defendant-Appellee*

---

2017-1096

---

Appeal from the United States District Court for the Northern District of Indiana in No. 3:13-cv-00819-RLM-MGG, Senior Judge Robert L. Miller, Jr.

---

Decided: September 7, 2017

---

MICHAEL DAVID MARSTON, Botkin & Hall, LLP, South Bend, IN, argued for plaintiff-appellant. Also represented by GARRICK THEODORE LANKFORD.

DANIEL M. CISLO, Cislo & Thomas LLP, Los Angeles, CA, argued for defendant-appellee. Also represented by CHONG WOOK PAK, MARK D. NIELSEN.

---

Before LOURIE, MOORE, and O'MALLEY, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Lifetime Industries, Inc. ("Lifetime") appeals from the district court's final judgment granting Trim-Lok, Inc.'s ("Trim-Lok") motion to dismiss Lifetime's patent infringement complaint for failing to adequately allege that Trim-Lok either directly or indirectly infringed claims 1–6 of U.S. Patent 6,966,590 ("the '590 patent"). *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, No. 3:13-cv-819, 2016 WL 5724451, at *3–5 (N.D. Ind. Sept. 30, 2016) ("*Opinion*"). For the following reasons, we reverse.

BACKGROUND

Lifetime owns the '590 patent, which generally describes a two-part seal for use in a mobile living quarters (also referred to as a "recreational vehicle" or "RV") with a slide-out room. *See* '590 patent, col. 2 ll. 37–39. As the name implies, a slide-out room is formed by extending a portion of the side wall of the RV outward to create extra interior space. *See, e.g., id.* col. 2 ll. 37–51. Figure 1 of the '590 patent shows an RV with the slide-out room extended:



*Id.* fig. 1. A seal is "commonly placed along the interface between the slide-out room and the opening in the side-

wall of the mobile living quarters to prevent water, debris, and excessive air drafts from entering the interior of the mobile living quarters from the outside." *Id.* col. 1 ll. 18–23.

According to the patent, prior art seals had to be separately mounted to both the slide-out room and the wall of the RV, could not be easily adapted to different RV models, or were difficult to replace. *Id.* col. 1 ll. 36–38, 51–58. The inventor explained that the claimed two-part seal could be "easily adapted for installation on different slide-out room configurations" and could be "easily assembled and installed." *Id.* col. 2 ll. 12–18. Claim 1 is exemplary:

> 1. A resilient seal used in combination with a mobile living quarters having a slide-out room defining an interior space, said mobile living quarters comprising a first sidewall having an exterior side, said first sidewall defining an opening through which said slide-out room is shifted between open and closed positions relative the first sidewall, said slide-out room including a second sidewall spaced from said first sidewall and an end wall defining said interior space, said end wall including a peripheral flange overlapping said first sidewall when said slide-out room is in its said closed position, said seal comprising a mounting portion attached to said first sidewall along said opening and a separate bulb portion, said bulb portion slidably connected to said mounting portion for comp[r]essible contact with said flange of said exterior wall when said slide-out room is in its said closed position.

*Id.* col. 4 ll. 7–22. Dependent claims 2–5 further limit "the seal and mobile living quarters of claim 1," and independent claim 6 is directed to a "method of attaching a seal to

a mobile living quarters having a slide-out room." *Id.* col. 4 ll. 23–64.

On August 12, 2013, Lifetime sued Trim-Lok, alleging that Trim-Lok both directly and indirectly infringed the '590 patent. *See* Joint Appendix ("J.A.") 1–4. Trim-Lok moved to dismiss the original complaint on the basis that Lifetime did not adequately identify the product or products that allegedly infringed. J.A. 22–33. Lifetime thus filed a first amended complaint ("FAC") in an attempt to identify the accused products. J.A. 37–43. Trim-Lok moved to dismiss the FAC on that same basis. J.A. 65–84. The district court granted the motion, and also granted Lifetime leave to file a second amended complaint ("SAC"). J.A. 180–87. Accordingly, Lifetime filed an SAC. *See* J.A. 188–199.

In the SAC, Lifetime alleged that in the months before it filed the original complaint, two of its engineers with knowledge of the '590 patent and the Lifetime products that it covered left Lifetime and began working for Trim-Lok. Lifetime alleged that Andrew Busch ("Busch"), who participated in the design of Lifetime's seals, left Lifetime on or around March 1, 2013. J.A. 190–91 ¶ 17. Lifetime also alleged that Daryl Torrey ("Torrey"), who participated in the design of manufacturing equipment and tooling for Lifetime's products, left Lifetime on or around May 3, 2013. J.A. 191 ¶ 18. Lifetime alleged that within one month of Busch and Torrey leaving Lifetime, they began working at Trim-Lok. J.A. 190–91 ¶¶ 17–18.

Lifetime further alleged that it learned that Trim-Lok, for the first time, was offering for sale a two-part seal for an RV with a slide-out room in June 2013, soon after Busch and Torrey began working for Trim-Lok. J.A. 190 ¶ 16. Specifically, Lifetime alleged that Ed Ksiezopolski ("Ksiezopolski"), a Lifetime representative, discovered a two-part Trim-Lok seal installed on an RV with a slide-out room at a plant run by Forest River, an RV manufac-

turer, in Elkhart County, Indiana ("the Forest River plant"). J.A. 190 ¶ 16.

Thus, Lifetime alleged that Trim-Lok either directly or indirectly infringed the '590 patent by causing the two-part seal to be installed on the RV at the Forest River plant. Supporting its claim of direct infringement, Lifetime alleged that "[a]t least one representative, agent, or employee of" Trim-Lok visited the Forest River plant while "acting on behalf of" Trim-Lok, and "directly installed" Trim-Lok's two-part seal onto "an RV having a slide-out room." J.A. 194 ¶ 33. Lifetime alleged that the Trim-Lok agent installed the seal "for the purpose of test fitting [the seal] on a Forest River RV . . . and to solicit sales" of the seal to Forest River. *Id.*

As for induced infringement, Lifetime alleged that Forest River's "making, using, offering for sale and selling of an RV having the Accused Product [i.e., the two-part seal] constitutes infringement," J.A. 195 ¶ 40, that Trim-Lok "influenced Forest River" to include the two-part seal in their RVs, "knowing that such combination would fulfill all elements of at least one claim of the '590 patent," J.A. 195–96 ¶ 42, and that "employees or representatives or agents of [Trim-Lok] assisted in the installation, [or] directed the installation" of the seals, J.A. ¶ 43. Thus, Lifetime alleged that Trim-Lok induced Forest River to infringe. *Id.*

Concerning contributory infringement, Lifetime alleged that the two-part seal sold by Trim-Lok had only one purpose—for use on RVs with slide-out rooms, J.A. 197 ¶ 55, that Trim-Lok assisted in or directed the installation of the seal on an RV, J.A. 197 ¶ 51, and that the seals were not staple articles of commerce suitable for noninfringing use, J.A. 197–98 ¶ 57.

Trim-Lok again moved to dismiss the complaint, arguing that Lifetime had not adequately identified the accused product and that Lifetime had not adequately

pleaded direct or indirect infringement. Although the district court determined that Lifetime had adequately identified the accused product, it concluded that Lifetime had not adequately pleaded its case. *See Opinion*, 2016 WL 5724451, at *3–5. The court concluded that Lifetime had not adequately pleaded direct infringement because the claims require both a two-part seal and an RV, and Trim-Lok only manufactures seals. *Id.* at *4. The court rejected Lifetime's argument that Trim-Lok had "assisted with the installation, directed the installation, or directly installed" the Trim-Lok seal as confusing liability for direct infringement with liability for contributory infringement, which the court characterized as imposing liability "based on an offer to sell a component, material, or apparatus." *Id.* Thus, the court dismissed Lifetime's direct infringement allegations.

Regarding indirect infringement, the district court concluded that Lifetime had not alleged "any facts from which intent [to infringe] could be inferred in this case." *Id.* at *5. Instead, the court determined, Lifetime had only made conclusory allegations that Trim-Lok had acted knowingly and intentionally. *Id.* Accordingly, the court dismissed Lifetime's allegations of indirect infringement as well.

The district court entered judgment against Lifetime, and Lifetime timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

"We review a district court's dismissal for failure to state a claim under the law of the regional circuit." *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)). In the United States Court of Appeals for the Seventh Circuit, a district court's grant of a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") is reviewed *de novo*. *Manistee Apartments, LLC v. City of Chi.*, 844 F.3d 630, 633 (7th Cir. 2016). In so doing, the Seventh Circuit "assume[s] all well-pleaded allegations are true and draw[s] all reasonable inferences in the light most favorable to the plaintiff." *Id.*

In arguing that the district court erred, Lifetime contests direct and indirect infringement separately. We take each argument in turn, beginning with direct infringement.

## I.   DIRECT INFRINGEMENT

Before reaching the merits of Lifetime's allegations of direct infringement, we must first address a dispute relating to the pleading standard. To survive a motion to dismiss under Rule 12(b)(6) a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff meets this requirement if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Meeting this requirement requires a plaintiff to do more than plead facts that are "'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557).

In the past, Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure ("Form 18") was titled "Complaint for Patent Infringement" and provided a sample allegation of direct infringement. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016). We had also held that compliance with Form 18 "effectively immunize[d] a claimant from attack regarding the sufficiency of the pleading." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283 (Fed. Cir. 2013) (internal citation omitted).

However, Form 18 was abrogated by the Supreme Court effective December 1, 2015. *See* Supreme Court of the United States, *Order Regarding Amendments to the Federal Rules of Civil Procedure* (Apr. 29, 2015), https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. That order also states that it will govern "insofar as just and practicable, all proceedings" pending on that date. *Id.* Thus, until December 1, 2015, complaints that complied with Form 18 were "effectively immunized," *K-Tech*, 714 F.3d at 1283, from challenges to the adequacy of their pleading.

Lifetime filed its SAC on October 13, 2014, J.A. 188–99, but the district court did not issue its order dismissing the SAC until September 30, 2016, *Opinion*, 2016 WL 5724451, at *5. Thus, the SAC was filed while Form 18 was still in effect, but the court did not issue the order dismissing it until after Form 18 was abrogated. In its order, the court did not reference Form 18, but did repeatedly reference the *Iqbal / Twombly* standard. *See Opinion*, 2016 WL 5724451, at *1–4.

Lifetime argues that the district court erred in dismissing its direct infringement count because the court should have applied the requirements of Form 18, rather than *Iqbal / Twombly*. As the SAC meets the requirements of Form 18, Lifetime contends, the court erred even if the SAC does not meet the *Iqbal / Twombly* standard. Although Lifetime recognizes Form 18's abrogation, it argues that it would not be "just and practicable" to apply what it views as the more rigorous *Iqbal / Twombly* standard to its SAC, given the time period between when the SAC was filed and Form 18's abrogation. In the alternative, Lifetime argues that the SAC meets the *Iqbal / Twombly* standard.

Trim-Lok responds that the Supreme Court order specifically indicates that it should be applied to pending

cases, and that the SAC does not meet either the requirements of Form 18 or the *Iqbal / Twombly* standard.

The parties assume that there is a difference between the requirements of Form 18 and *Iqbal / Twombly*; however, we have never recognized such a distinction. *See K-Tech*, 714 F.3d at 1284 ("That Form 18 would control in the event of a conflict between the form and *Twombly* and *Iqbal* does not suggest, however, that we should seek to create a conflict where none exists."). In any event, we need not resolve the question whether there is a difference between the two standards here because, as we explain, the SAC met the *Iqbal / Twombly* standard for pleading direct infringement.

We now turn to the merits of the district court's decision. Lifetime argues that the district court erred in dismissing its direct infringement count because the court stated that Lifetime had to establish that "Trim-Lok knew about the '590 patent in June 2013, and knew that it was infringing . . . that patent" to plead direct infringement, *Opinion*, 2016 WL 5724451, at *3, but that patent infringement is a strict-liability offense. Trim-Lok responds that the court's dismissal of the direct infringement count was not predicated on Lifetime's failure to plead knowledge of the patent, and thus the section of the court's opinion quoted by Lifetime was taken out of context.

Although we agree with Lifetime that direct infringement is a strict-liability offense that does not require knowledge of the patent or intent to infringe, *see Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015), we also agree with Trim-Lok that the district court's statement did not affect its analysis or lead to its dismissal of Lifetime's allegations of direct infringement, *see Opinion*, 2016 WL 5724451, at *3–4. "We sit to review judgments, not opinions." *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1540 (Fed. Cir. 1983); *see also Doe v.*

*Howe Military Sch.*, 227 F.3d 981, 992 (7th Cir. 2000) (refusing to reverse discovery rulings where they "did not make a difference in the disposition of the plaintiffs' claims."). The court's judgment was not predicated on the alleged error of law, and therefore that error does not require reversal.

The court's decision relating to direct infringement turned on the fact that the claims of the '590 patent require both a seal and an RV, but Trim-Lok only manufactures seals. *See Opinion*, 2016 WL 5724451, at *4. Lifetime argues that it properly pleaded direct infringement because it alleged that a Trim-Lok employee or representative "directly installed" Trim-Lok's two-part seal on "an RV having a slide-out room." J.A. 194 ¶ 33.

Trim-Lok responds that the district court correctly dismissed the SAC because Trim-Lok only makes seals, not the seal and RV combination required to infringe the claims. Trim-Lok contends that Lifetime's allegation that a Trim-Lok agent installed the seal on a Forest River RV is speculative and implausible because it does not identify a person controlled by Trim-Lok who took an action that would directly infringe.

We agree with Lifetime that the SAC adequately alleged that Trim-Lok directly infringed. "One who 'makes' a patented invention without authorization infringes the patent." *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1290 (Fed. Cir. 2011). Commercial manufacture is not the only way that a combination can infringe. Limited internal manufacture and use can also infringe. *See id.* (remanding for determination of reasonable royalty damages where infringing product was made, but not sold). For example, we affirmed a finding of infringement of claims to a combination of a primary fireplace burner and a secondary burner because "each time [a secondary burner] was attached to a primary burner by either [the

alleged infringer] or an end-user, the combination was infringing." *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1362 (Fed. Cir. 2006). We have also reversed a grant of summary judgment of noninfringement relating to orthopedic surgical implants where there was "a genuine issue of material fact as to whether surgeons infringe by making the claimed apparatus" by having the implant contact a patient's bone, as required by the patent, during surgery. *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

The district court dismissed Lifetime's direct infringement count on the basis that Trim-Lok only made one of the two components that comprised the patented invention. *Opinion*, 2016 WL 5724451, at *4. Although Lifetime did not allege that Trim-Lok made the RV onto which it installed the seal, Lifetime did allege that Trim-Lok installed the seal onto the RV; that is, Lifetime alleged that Trim-Lok made an infringing seal-RV combination. J.A. 194 ¶ 33. Because Lifetime alleged that an agent of Trim-Lok installed the seal onto the RV, and that the resulting seal-RV combination infringed the '590 patent, it alleged that Trim-Lok directly infringed in a manner consistent with our precedents holding that assembling the components of an invention is an infringing act of making the invention.

Trim-Lok's complaints concerning lack of detail ask for too much. There is no requirement for Lifetime to "prove its case at the pleading stage." *Bill of Lading*, 681 F.3d at 1339 (citing *Skinner v. Switzer*, 562 U.S. 521, 529 (2011)). Our precedent requires that a complaint place the alleged infringer "on notice of what activity . . . is being accused of infringement." *K-Tech*, 714 F.3d at 1284. The SAC meets that requirement. Lifetime identified where the alleged infringement occurred (the Forest River plant); when it occurred (in or around June 2013); who performed the allegedly infringing act (an agent or em-

ployee of Trim-Lok); and why (to test fit the seal onto the RV and to solicit sales). J.A. 194 ¶ 33. Lifetime pleaded other facts supporting its allegations as well: that Ksiezopolski discovered the seal installed "adjacent to the opening for the slide-out room on the Forest River RV" and learned that Trim-Lok was offering its seal for sale, J.A. 190 ¶ 16; that Trim-Lok admitted that it had offered its seals for sale, J.A. 191 ¶ 20; and that former Lifetime employees with knowledge of the seal design and manufacturing process had joined Trim-Lok shortly before June 2013, J.A. 190–91 ¶¶ 17–18. Drawing reasonable inferences in Lifetime's favor, these facts make it plausible that a Trim-Lok agent installed the seal onto the Forest River RV. "[W]e do not say that these inferences are, in fact, correct or that they are the only fair inferences to be drawn from the facts alleged." *Bill of Lading*, 681 F.3d at 1340 n.12. Taken together, however, they render Lifetime's pleadings sufficiently plausible to survive a motion to dismiss.

It is important to note that the limited scope of the district court's decision similarly limits our own review. Its decision to dismiss Lifetime's direct infringement count was based solely on the conclusion that Trim-Lok only made one component of the patented invention. As explained above, Lifetime adequately alleged that Trim-Lok created an infringing combination by installing its seal onto an RV at the Forest River plant. We need not, and do not, express any other opinion relating to the level of detail contained in Lifetime's SAC.

Thus, for the foregoing reasons, we reverse the district court's dismissal of Lifetime's direct infringement allegations for failing to state a claim.

## II. INDIRECT INFRINGEMENT

As Form 18 does not apply to allegations of indirect infringement, the *Iqbal* / *Twombly* standard unquestionably applies to Lifetime's allegations of induced and con-

tributory infringement. *See Superior Indus., LLC v. Thor Glob. Enters., Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012). For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer "specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement." *Bill of Lading*, 681 F.3d at 1339.

The district court dismissed Lifetime's indirect infringement counts on the basis that they failed to plead "any facts from which intent could be inferred," and instead had only supplied conclusory allegations. *Opinion*, 2016 WL 5724451, at *5. The court also noted that Lifetime alleged that Trim-Lok had knowledge of the patent and the alleged infringement in July 2013, when Trim-Lok received a cease-and-desist letter, but that the allegedly infringing acts occurred "well before." *Id.*

Lifetime argues that it pleaded sufficient facts to support a plausible claim of induced infringement because it alleged that Busch and Torrey had knowledge of the '590 patent and its scope. Specifically, Lifetime contends that because it alleged that the employees hired by Trim-Lok had knowledge of seal design and manufacturing relating to products covered by the '590 patent, that knowledge could be imputed to the Trim-Lok employees that assisted or directed the allegedly infringing installation. Taken together, Lifetime contends, these facts plausibly establish that Trim-Lok knew that its acts constituted infringement.

Trim-Lok responds that Lifetime's allegations, at best, only alleged that it knew of the '590 patent, not that it had the intent to infringe. For example, Trim-Lok contends that Lifetime's former employees could have used their knowledge of Lifetime's seal to design around the '590 patent's claims. Thus, Trim-Lok continues, Lifetime has only pleaded that Trim-Lok intended the consequenc-

es of its actions, but has not adequately pleaded that Trim-Lok intended to infringe.

We agree with Lifetime that it has plausibly alleged that Trim-Lok induced infringement of the '590 patent. "[T]he plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *Bill of Lading*, 681 F.3d at 1341 (quoting *Twombly*, 550 U.S. at 556).

At the outset, we agree with Lifetime that it adequately pleaded that Trim-Lok had knowledge of the patent before the allegedly infringing act. Lifetime specifically alleged that Busch and Torrey had knowledge of the patent and its scope when they joined Trim-Lok in the months before June 2013. J.A. 190–91 ¶¶ 17–18. Drawing reasonable inferences in Lifetime's favor, these facts make it plausible that Trim-Lok had knowledge of the '590 patent before June 2013.

We also agree that Lifetime plausibly pleaded that Trim-Lok had the intent to infringe. Trim-Lok's responses again ask too much. Lifetime pleaded that Trim-Lok had knowledge of the '590 patent, its scope, and the products covered thereby. After Trim-Lok gained that knowledge, Lifetime alleged that it then assisted in or directed the installation of exactly the same type of seal as the one described in the patent onto an RV at the Forest River plant. Lifetime alleged, moreover, that Trim-Lok never made or sold these particular seals prior to gaining that knowledge, and that the seals have no noninfringing use. Our precedent does not require Lifetime to do more.

*Bill of Lading* is instructive. 681 F.3d at 1339. In that case it was unclear whether the claimed method had been performed at all, but we determined that the patent owner had adequately pleaded intent where it alleged

knowledge of the patent and had plausibly pleaded that the defendants' customers performed the claimed method. *Id.* at 1341–42. Lifetime pleaded facts that are at least as strong, because Lifetime could rely on direct evidence (i.e., the two-part seal found installed on an RV at the Forest River plant) that tended to show infringement. This evidence, taken together with Trim-Lok's prior knowledge of the patent and viewed in Lifetime's favor, "gives rise to a reasonable inference that [Trim-Lok] intend[ed] to induce" Forest River to infringe. *Id.* at 1341. Thus, we reverse the district court's dismissal of the induced infringement count.

Finally, Lifetime argues that the district court erred in dismissing its contributory infringement count because contributory infringement only requires knowledge of the patent and of infringement, not the intent to infringe, and that it adequately pleaded the elements of contributory infringement. Trim-Lok responds that contributory infringement does require the intent to infringe, and that Lifetime inaccurately equates knowledge of the patent with knowledge of infringement.

We agree with Lifetime that it plausibly pleaded contributory infringement. Contributory infringement occurs, *inter alia*, when a party sells "a component of a patented . . . combination . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c). We have held that contributory infringement requires "only proof of a defendant's *knowledge*, not *intent*, that his activity cause infringement." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990); *see also Commil*, 135 S. Ct. at 1927 ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." (citation omitted)). Thus, the district court erred to the

extent that it dismissed the contributory infringement count for failing to plausibly allege that Trim-Lok intended to infringe.

Lifetime also plausibly pleaded that Trim-Lok knew of the patent and knew of infringement. As explained previously, Lifetime adequately pleaded that Trim-Lok gained knowledge of the patent before June 2013 from Busch and Torrey. Lifetime also pleaded that a two-part seal was found installed on a Forest River RV, and that Trim-Lok employees assisted with or directed that installation. It is reasonable to infer, based on those facts and at this stage of litigation, that Trim-Lok also knew of infringement.

Trim-Lok also generally contends that Lifetime has not plausibly pleaded that the seal was installed by others with the assistance or under the direction of Trim-Lok employees because Lifetime's direct infringement count alleges that Trim-Lok employees installed the seal themselves. But "[t]he Federal Rules permit a party to plead in the alternative." *Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Can.*, 687 F.3d 1266, 1280 (Fed. Cir. 2012). Moreover, the seal discovered by Ksiezopolski was installed on the Forest River RV by *someone*, and the two plausible installers are either Trim-Lok employees or Forest River employees. If it was Trim-Lok employees, then Trim-Lok may be liable for direct infringement; if it was Forest River employees, then Trim-Lok may be liable for indirect infringement. Thus, a more developed record will clarify what role, if any, Trim-Lok employees had in the installation of the seal at the Forest River plant. At present, Lifetime has adequately pleaded both direct and indirect infringement. Accordingly, we reverse the district court's dismissal of the indirect infringement counts.

## CONCLUSION

We have considered the remaining arguments, but find them unpersuasive. For the foregoing reasons, the

decision of the district court is reversed and remanded for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**