NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERRY ARTRIP,**

*Plaintiff-Appellant*

**v.**

**BALL CORPORATION, BALL METAL BEVERAGE CONTAINER CORPPRATION, ALCOA, INC.,**

*Defendants-Appellees*

---

2018-1277

---

Appeal from the United States District Court for the Western District of Virginia in No. 1:14-cv-00014-JPJ-PMS, Judge James P. Jones.

---

Decided: May 23, 2018

---

JERRY ARTRIP, Bluff City, TN, pro se.

JOHN DAVID LUKEN, Dinsmore & Shohl LLP, Cincinnati, OH, for defendants-appellees Ball Corporation, Ball Metal Beverage Container Corporation.

MARK MICHAEL SUPKO, Crowell & Moring, LLP, Washington, DC, for defendant-appellee Alcoa, Inc. Also represented by MARK A. KLAPOW.

---

Before DYK, O'MALLEY, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Jerry Artrip appeals the district court's dismissal of his case. Mr. Artrip asks us to reverse the district court and remand so that he may file a fourth amended complaint charging Appellees Alcoa, Inc. ("Alcoa"), Ball Corp., and Ball Metal Beverage Container Corp. (together, "Ball") with patent infringement.

We lack jurisdiction to review the dismissal of Mr. Artrip's claims against Alcoa. And because we find that Mr. Artrip's third amended complaint does not satisfy the legal pleading standard and that the district court did not abuse its discretion in denying leave for further amendments, we affirm the district court's dismissal of Mr. Artrip's claims against Ball with prejudice.

BACKGROUND

In 1996, Donald Artrip, Mr. Artrip's son, obtained U.S. Patent No. 5,511,920, covering a press assembly and method for forming the lift-tab can ends used for opening beverage cans. Donald Artrip continued his work on lift-tab can end production techniques until his death in 2007, and obtained an additional seven patents for improvements related to this technology: U.S. Patent Nos. 5,660,516, 6,022,179, 7,063,492, 7,234,907, 7,237,998, 7,237,999, and 7,344,347. The patented assemblies and systems changed the lift-tab can end assembly process and eliminated the need for a human tab press operator to turn and move the tabs between machines.

In 2014, Mr. Artrip, the patents' assignee, filed a pro se complaint accusing Alcoa and Ball[1] of infringing the '347 patent. A few months later, after obtaining counsel, Mr. Artrip filed a first amended complaint asserting that Alcoa indirectly infringed and Ball directly infringed all eight of the Artrip patents. In early 2015, Mr. Artrip filed a second amended complaint modifying these allegations.

The second amended complaint accused Alcoa and Ball of infringing the '179, '492, '907, '998, '999, and '347 patents. For each of the patents, the complaint alleged that Alcoa induced infringement because it supplied material, particularly "food grade coiled aluminum sheets with special coating" in knowing aid of direct infringement of the patents. J.A. 272–78, ¶¶ 5, 8, 11, 14, 17, 20. And it alleged that Alcoa contributorily infringed because the aluminum met "required specifications for said invention" and "constitut[ed] a material part of the invention," and Alcoa knew the aluminum "to be especially made or especially adapted for use in an infringement." *Id.* The complaint further alleged that the Alcoa aluminum was not a staple article or commodity suitable for substantial noninfringing use. And the complaint stated that Ball directly infringed the patent by using a system "that embodies the patented invention." J.A. 272–77, ¶¶ 4, 7, 10, 13, 16, 19.

Alcoa and Ball each moved to dismiss the second amended complaint for failure to state a claim on which relief could be granted, and the district court granted the motions. Applying the plausibility standard set forth by

---

[1] This complaint identified different Alcoa and Ball entities than those here on appeal. By the second amended complaint, however, the parties had been finally identified as Mr. Artrip and the Appellees. For simplicity, we do not distinguish between the earlier and later entities here.

the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the district court first concluded that Mr. Artrip's claims for direct infringement were insufficient because they did not identify the infringing Ball equipment or explain how Ball's use of that equipment infringes any claim. The court determined that it "would be unjust to permit [Mr.] Artrip to move forward with a complaint that does not alert Ball as to what it has done wrong." *Artrip v. Ball Corp.*, No. 1:14-cv-00014-JPJ-PMS, 2017 WL 3669518, at *4 (W.D. Va. Aug. 24, 2017). Nevertheless, because Mr. Artrip's second amended complaint had been filed before the *Iqbal/Twombly* plausibility standard clearly applied to direct infringement claims, the district court dismissed Mr. Artrip's claims against Ball without prejudice. In doing so, it instructed Mr. Artrip that any amended complaint "must comply with the pleading requirements of Rule 8(a), *Twombly*, and *Iqbal*. In particular, it must plead specific facts supporting [Mr.] Artrip's claims." *Id.* at *5.

The district court determined that Mr. Artrip's indirect infringement claims were also deficient. It found that the second amended complaint did not plausibly allege facts supporting an inference that Alcoa knew of the patents, a prerequisite for indirect infringement claims. Relatedly, the district court found that the complaint did not allege facts supporting an inference that Alcoa specifically intended to aid any direct infringement (as required for induced infringement) or knew its aluminum was made to be used in infringement (as required for contributory infringement). It also found that Mr. Artrip's second amended complaint did not show that the aluminum sheets allegedly supplied by Alcoa were not staple articles of commerce suitable for noninfringing use. Because the *Iqbal/Twombly* plausibility standard applied to Mr. Artrip's indirect infringement claims when the second amended complaint was filed, the district court dismissed

Mr. Artrip's claims against Alcoa with prejudice, denied further leave to amend as to Alcoa, and ordered the clerk to terminate Alcoa from the case.

A few weeks later, Mr. Artrip filed his third amended complaint. In that complaint, he alleged that Ball directly infringed five of the patents—the '492, '907, '998, '999, and '347 patents. The complaint stated that "one or more of the machines at least at the Bristol Plant" infringed the patents because those machines were for forming and attaching lift-tabs to can ends and included each element of the independent claims. J.A. 324–35, ¶¶ 9, 11, 13, 15, 17. In addition, the complaint identified Ball facilities other than the Bristol plant and stated that on information and belief, "one or more machines in each of Ball's Operating Plants infringe one or more of the Patents-in-Suit." J.A. 335–36, ¶¶ 19–20.

Ball again moved to dismiss, arguing that Mr. Artrip did not state a claim on which relief could be granted. The district court found that the third amended complaint contained "minimal facts" and that the "conclusory" allegation that Ball infringed the patents by using "one or more machines" according to the claims did not meet the pleading standard. *Artrip v. Ball Corp.*, No. 1:14-cv-00014-JPJ-JMS, 2017 WL 5037470, at *3 (W.D. Va. Nov. 3, 2017). Because it found that Mr. Artrip had "notice of the applicable pleading standard, had multiple opportunities to meet it, and has failed to do so," the district court dismissed the third amended complaint with prejudice and denied leave to amend. *Id.* at *4. The same day, November 3, 2017, the court entered a final order dismissing Mr. Artrip's action against Ball.

Acting pro se, Mr. Artrip filed a notice of appeal, after which his former counsel withdrew from the case. The notice listed both Alcoa and Ball in the case caption, but it specifically designated the district court's November 3,

2017 order, which dismissed the third amended complaint against only Ball, as the subject of the appeal.

DISCUSSION

We review the grant of a motion to dismiss for failure to state a claim under the law of the regional circuit. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1124 (Fed. Cir. 2018) (citing *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014)). The Fourth Circuit reviews such dismissals de novo. *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013). De novo review requires an appellate court to look at the issues as though for the first time, with no deference to the trial court. *See Appeal*, Black's Law Dictionary (10th ed. 2014) (defining "appeal de novo" as "[a]n appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings").

We also review the denial of leave to amend a pleading under regional circuit law. *See Chi. Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, 677 F.3d 1361, 1374 (Fed. Cir. 2012). When a district court denies leave to amend a complaint, the Fourth Circuit reviews that decision for an abuse of discretion. *See Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014). A court abuses its discretion "if it relies on an error of law or a clearly erroneous factual finding." *E.E.O.C. v. Freeman*, 778 F.3d 463, 466 (4th Cir. 2015).

## I

We first consider the district court's dismissal of Mr. Artrip's contributory infringement[2] claims against Alcoa, and its denial of leave to amend.

## A

As a threshold issue, Alcoa contends that we have no jurisdiction to review the district court's order dismissing the second amended complaint and denying Mr. Artrip leave to amend his complaint as to Alcoa.[3] We agree.

We have jurisdiction only if Mr. Artrip filed a timely notice of appeal that complies with Rule 3 of the Federal Rules of Appellate Procedure. *See Smith v. Barry*, 502 U.S. 244, 248–49 (1992) ("Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review."). Whether a notice of appeal meets

---

[2] Mr. Artrip now concedes that the induced infringement allegations should not have been included in the case. Appellant's Br. 2–3.

[3] Ball does not expressly challenge jurisdiction but states in a footnote that Mr. Artrip's notice of appeal was of uncertain effectiveness because he signed and filed it pro se before his counsel formally withdrew. An improperly signed notice of appeal does not impact our jurisdiction. *See Becker v. Montgomery*, 532 U.S. 757, 766 (2001) (finding signature on notice of appeal is required by Federal Rule of Civil Procedure 11, "render[ing] it nonjurisdictional"); *Republican Nat'l Comm. v. Taylor*, 299 F.3d 887, 890 n.1 (D.C. Cir. 2002) (declining to dismiss appeal for technical violation of signature requirement); *see also In re First Protection, Inc.*, 440 B.R. 821, 827 (B.A.P. 9th Cir. 2010) (finding pro se litigant's declared intention to participate in appeal cured signature defect). We therefore consider Mr. Artrip's notice of appeal to have been properly filed.

the standard imposed by Rule 3 "is a question of Federal Circuit law." *See Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1308–09 (Fed. Cir. 2002).

Among other requirements, Rule 3 states that a notice of appeal must "designate the *judgment, order, or part thereof* being appealed." *Int'l Rectifier Corp. v. IXYS Corp.*, 515 F.3d 1353, 1357 (Fed. Cir. 2008) (emphasis added) (quoting Fed. R. App. P. 3(c)(1)); *see also Durango Assocs., Inc. v. Reflange, Inc.*, 912 F.2d 1423, 1425 (Fed. Cir. 1990) (finding party "cannot now expand the scope of its specifically limited notice of appeal"). Our sister circuits have found that they do not have jurisdiction to review orders other than those identified in the notice of appeal. *See, e.g., Doran v. J.P. Noonan Trans., Inc.*, 853 F.3d 66, 69 (1st Cir. 2017) (finding "no basis to reverse an order" other than order designated in notice); *In re GNC Corp.*, 789 F.3d 505, 512 (4th Cir. 2015) (dismissing appeal as to order not identified in notice); *Stephens v. Jessup*, 793 F.3d 941, 943 (8th Cir. 2015) (finding no jurisdiction to review order dismissing first party where notice of appeal identified separate order only dismissing second party).

Here, Mr. Artrip's notice of appeal identifies only the district court's November 3, 2017 order dismissing the third amended complaint against Ball. Alcoa is mentioned only in the notice's case caption. Although we construe notices of appeal liberally, Mr. Artrip's notice does not indicate an intent to appeal the district court's earlier order dismissing the second amended complaint and terminating Alcoa. *See Smith*, 502 U.S. at 248 (permitting courts to find compliance "'with the rule if the litigant's action is the functional equivalent of what the rule requires'" but explaining "[t]his principle of liberal construction does not, however, excuse noncompliance with the Rule. Rule 3's dictates are jurisdictional" (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988))). Mr. Artrip's letter requesting Alcoa's addition to

the case caption in this appeal might indicate intent to appeal Alcoa's dismissal, but that letter was filed after the deadline for appeal. "There is no doctrine that permits an appellant to 'amend' a notice so that the time for appealing is extended beyond the prescribed statutory period." *Durango*, 912 F.2d at 1425.

B

In any event, even if we were to construe Mr. Artrip's pro se notice of appeal to include all prior orders in the case, we would affirm the district court's dismissal of Mr. Artrip's contributory infringement claims and its denial of leave to amend. *See, e.g.*, *Elliott v. City of Hartford*, 823 F.3d 170, 173 (2d Cir. 2016) (holding in the Second Circuit "a pro se appellant's appeal from an order closing the case [constitutes] an appeal from all prior orders").

To survive a motion to dismiss, a plaintiff alleging contributory infringement must plausibly allege that the accused infringer knew of the asserted patents, *see Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015), and must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses," *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

Mr. Artrip alleged that Alcoa supplies "food grade coiled aluminum sheets with special coating, that meet required specifications for [the patented] invention[s]." J.A. 272–78, ¶¶ 5, 8, 11, 14, 17, 20; *see also* J.A. 265, ¶ 9 (alleging in declaration that aluminum sheets were "precut" to "[d]ifferent widths and thickness"). But these facts do not suggest that Alcoa knew of the Artrip patents or that the aluminum Alcoa supplied could not be used "for purposes *other than* infringement." *Bill of Lading*, 681 F.3d at 1338. While the complaint recited that Alcoa acted despite "knowing [the aluminum] to be especially

made or especially adapted for . . . infringement" and that the aluminum is "a material part" of the claimed invention that is not a "staple article" and is not "suitable for substantial noninfringing use," J.A. 272–78, ¶¶ 5, 8, 11, 14, 17, 20, the second amended complaint did not plausibly assert facts to suggest that Alcoa was aware of the patents or facts to suggest that the aluminum it supplied had no substantial noninfringing use. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). We have considered Mr. Artrip's remaining arguments, but we find them unpersuasive.

C

We would also affirm the district court's denial of leave to amend as to Alcoa.

The Federal Rules of Civil Procedure encourage courts to freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Nevertheless, where a party repeatedly does not cure defects in its pleadings, a court does not abuse its discretion by refusing to allow further amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *David v. Alphin*, 704 F.3d 327, 344 (4th Cir. 2013) (finding no abuse of discretion where district court dismissed already amended complaint with prejudice).

Mr. Artrip's second amended complaint was his third complaint presented to the court and his second filed by counsel. Alcoa had already alerted Mr. Artrip to potential deficiencies in the contributory infringement allegations in his first amended complaint, including a lack of adequate support for his assertion that the aluminum provided by Alcoa had no substantial noninfringing use. But Mr. Artrip was nevertheless unable to state a plausible claim for contributory infringement in his second amended complaint. In these circumstances, we cannot say the district court abused its discretion in denying further leave to amend.

## II

We now consider the dismissal of Mr. Artrip's third amended complaint against Ball and the court's denial of further leave to amend.

## A

A motion to dismiss should be granted if a complaint does not contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).[4]  To meet the plausibility standard, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Merely pleading facts that are consistent with liability or stating legal conclusions is not sufficient. *Id.*

We recently applied these requirements in *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, No. 17-1483, 2018 WL 2011468 (Fed. Cir. May 1, 2018).  The plaintiff in that case plausibly pled direct infringement by specifically identifying the infringing products and alleging those specific products included each element of the patented claims. *Id.* at *3.  The complaint provided the defendants fair notice of how they infringed—the plaintiff had named each of the three allegedly infringing products

---

[4]  As of December 1, 2015, the plausibility standard applies to direct infringement claims. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376–77 (Fed. Cir. 2017).  Though this case has been pending for years, Mr. Artrip's third amended complaint was filed on September 14, 2017, after the district court directed him to comply with the plausibility standard and almost two years after that standard clearly came into effect.  We therefore apply the plausibility standard to our review here.

and had attached their photographs as exhibits to the complaint. *Id.*

Here, Mr. Artrip's third amended complaint described the patents and the parties and alleged that Ball infringes the '492, '907, '998, '999, and '347 patents "by use of one or more of the machines at least at the Bristol Plant." J.A. 324–34, ¶¶ 9, 11, 13, 15, 17. The third amended complaint did not otherwise identify the accused machines, but it stated that these machines are systems for "forming and attaching lift-tabs to can ends" that include each element of each patent's single independent claim, which the complaint recited. *Id.* The complaint also identified additional Ball packaging plants across the country, and alleged that on information and belief, machines in each of these plants similarly infringe one or more of the asserted patents.

We agree with the district court that these allegations are insufficient to state a plausible claim for direct infringement. Even taken as true, the facts alleged in the third amended complaint are insufficient to state a plausible, rather than merely possible, claim for relief. *See Iqbal*, 556 U.S. at 678. Mr. Artrip's attorney received access to Ball's Bristol plant, toured the factory, and photographed Ball's equipment. But the third amended complaint does not sufficiently identify, for example, by photograph or name, any of the particular machines that allegedly infringe other than by broad functional language. Unlike the plaintiff in *Disc Disease*, Mr. Artrip did not fairly identify the accused machines. The third amended complaint is thus insufficient; under any pleading standard, a complaint must put a defendant "on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007); *see also Peralta v. Cal. Franchise Tax Bd.*, 673 F. App'x 975, 980 (Fed. Cir. 2016) (affirming dismissal of complaint containing only "[t]he boilerplate allegation that defendants infringe") (nonprecedential).

## B

Finally, we consider and affirm the district court's denial of leave to amend the complaint as to Ball for a fourth time.

A district court does not abuse its discretion where it denies leave after "repeated failure to cure deficiencies by amendments previously allowed." *Foman*, 371 U.S. at 182. When the district court dismissed the direct infringement allegations in Mr. Artrip's second amended complaint, it identified particular deficiencies in that complaint and instructed Mr. Artrip to plead specific facts supporting his infringement allegations going forward. As discussed above, the third amended complaint did not do so. In these circumstances, the district court did not abuse its discretion in denying further leave to amend. *See Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) (finding no abuse of discretion in denying leave to amend where plaintiff has "already set forth four iterations of their complaint").

## CONCLUSION

We have considered Mr. Artrip's remaining arguments and find them unpersuasive. Accordingly, we affirm the decision of the district court.

## **AFFIRMED**

### COSTS

Costs to Appellees.